**Fred HERVEY and Fred Hervey, Trustee, Petitioners,**

v.

**Walter G. PASSERO, Individually and d/b/a Walter G. Passero Associates, Respondent.**

**No. C–2094.**

Supreme Court of Texas.

July 13, 1983.

Peticolas, Luscombe & Stephens, John B. Luscombe, Jr. and J. Morgan Broaddus, III, El Paso, for petitioners.

Jack Ratliff, Terry Wyrick and Kathleen C. Anderson, El Paso, for respondent.

PER CURIAM.

This is a suit by Walter Passero, a real estate broker, against Fred Hervey, as Trustee, to recover a commission under an exclusive real estate listing agreement. The jury found, among other findings, that Passero was damaged in the amount of $316,875 and that reasonable attorney's fees were $39,125 for trial, $5,000 for appeal to the court of appeals, and $5,000 for an appeal to this Court. Based on these findings, the trial court awarded Passero $356,-000, costs, and $5,000 for an appeal to the court of appeals. Passero requested but was denied pre-judgment interest.

Having determined the trial court erred in failing to award pre-judgment interest, the court of appeals modified the trial

court's judgment to permit recovery of pre-judgment interest at the rate of six percent per annum from September 1, 1978, on the sum of $356,000. The trial court's judgment was affirmed in all other respects. 648 S.W.2d 344.

The amount on which the court of appeals' judgment recites pre-judgment interest is owed ($356,000) is apparently the sum of the amount found due as damages ($316,-875) and the amount found due as attorney's fees for the trial ($39,125). On application for writ of error to this Court, Hervey urges the court of appeals' judgment improperly included pre-judgment interest on attorney's fees. We agree. An award of pre-judgment interest on attorney's fees is contrary to the clear language of article 5069–1.03. That statute provides:

> When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all accounts and contracts ascertaining the sum payable, commencing on the thirtieth (30th) day from and after the time when the sum is due and payable.

Tex.Rev.Civ.Stat.Ann. art. 5069–1.03. The award of $39,125 in attorney's fees clearly is not an "account [or] contract ascertaining the sum payable" on which pre-judgment interest is recoverable under the statute.

We, therefore, grant Hervey's application for writ of error and, without hearing oral argument, reverse that portion of the court of appeals' judgment allowing pre-judgment interest on attorney's fees. Tex.R. Civ.P. 483. The court of appeals' judgment is modified to permit pre-judgment interest at the rate of six percent per annum on the sum of $316,876 from September 1, 1978. The remainder of the court of appeals' judgment is affirmed.