**CAMPBELL, ATHEY & ZUKOWSKI,**
**Plaintiff–Appellant,**

v.

**Albert F. THOMASSON, et al.,**
**Defendants–Appellees.**

**No. 88–2136.**

United States Court of Appeals,
Fifth Circuit.

Jan. 20, 1989.

Marc J. Magids, John M. Zukowski, Houston, Tex., for plaintiff-appellant.

David B. Anderson, Birmingham, Ala., Jeffrey L. Rogers, Houston, Tex., for defendants-appellees.

Before KING, WILLIAMS, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Campbell, Athey & Zukowski ("CAZ"), a Houston, Texas, law firm, sued Albert and Burgess Thomasson for over $20,000 in attorneys' fees owed the firm.[1] After a bench trial, the district court found that, under Texas law, the Thomassons had breached their contract with CAZ and ordered them to pay $20,530.36 plus post-judgment interest. Neither party contests the damages award; CAZ, however, appeals, arguing that the district court erred by (1) refusing to award them reasonable attorneys' fees for bringing suit and recovering on its claim against the Thomassons, and (2) failing to award it prejudgment interest. We agree, and reverse and remand.

## I.

The district court, on the basis of the Texas statutes and case law available to it at the time of its decision, concluded that, because CAZ was represented at trial by one of its own attorneys, it was not entitled to recover attorneys' fees for bringing suit on its claim against the Thomassons. CAZ contends that this is an erroneous reading of Texas law.

### A. *The Statute.*

Section 38.001(7) of the Texas Civil Practice & Remedies Code Annotated (Vernon 1986) provides for the recovery of attorneys' fees in suits on "a sworn account."

The section, however, is not self-implementing; to be entitled to recovery of attorneys' fees, a claimant must comply with three requirements prescribed by section 38.002. For our purposes, we need concern ourselves only with the first of these three requirements: that "the claimant must be represented by an attorney." *Id.* § 38.002(1) (Vernon 1986).[2]

Engaging in a literal reading of the statute, the Thomassons argue that use of the words "represented by" implies that the claimant and the attorney must be two distinct persons or entities. Thus, an individual attorney proceeding *pro se* would not be entitled to attorneys' fees; nor, the Thomassons contend, should CAZ, which represented itself.

Not to be outmaneuvered grammatically, CAZ contends that it has complied with the literal terms of the statute, insofar as CAZ, an artificial entity logically incapable of representing itself, was represented by Marc Magids, an attorney who also happened to be a salaried member of the firm. Indeed, under CAZ's reading of the statute, every artificial entity, be it a corporation, law partnership, or otherwise, would be entitled to recover attorneys' fees under the statute regardless of whether it was represented by an in-house or otherwise-affiliated attorney, or elected to hire and use outside counsel.[3]

The parties have not referred us to any legislative history that would aid the in-

---

1. Removal jurisdiction was based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1). It is not without some pleasure that we note that Congress recently amended § 1332 to increase from $10,000 to $50,000 the amount that must be in controversy for jurisdiction to arise under § 1332. *See* Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, Title II, § 201(a), 102 Stat. 4642 (1988). This case, unfortunately, was filed under prior law.

2. We note that, pursuant to § 38.005, §§ 38.001 and 38.002 are to be "liberally construed to promote [their] underlying purposes." Tex.Civ. Prac. & Rem. Code Ann. § 38.005 (Vernon 1986).

3. Under CAZ's reading, the only claimants that would be ensnared by the use of the phrase "represented by" so as to be prohibited from recovering attorneys' fees, assuming all of the

other statutory conditions were met, would be sole practitioners who elect to represent themselves. Although we conclude that CAZ may recover its reasonable attorneys' fees incurred in the prosecution of its claim against the Thomassons, we emphasize that we do not adopt CAZ's literal reading of the statute. Admittedly, we cannot discern any logical reason why the statute should be read to allow attorneys' fees for artificial entities represented by in-house counsel but not for the self-represented sole practitioner. Because the resolution of this case, however, requires only the conclusion that the statute allows for recovery of attorneys' fees by parties that elect to be represented by in-house counsel, we do not reach, and express no view upon, the question of whether a self-represented sole practitioner can recover attorneys' fees under § 38.002.

terpretative process, and our own research has produced the same negative results. Although the statutory language is properly the touchstone for the process of statutory interpretation,[4] we are less than convinced that a proper result can be reached in this case merely by parsing the statutory language, particularly when there is no indication that the legislature chose the language with the instant problem in mind. Fortunately, however, Texas case law provides us with some guidance in resolving this ticklish question of grammar and statutory interpretation. It is on these cases that the district court relied, and to which we now turn.

### B. State Court Decisions.

At the time the district court decided that section 38.002 did not allow CAZ to recover attorneys' fees, the only two Texas cases touching on the issue, decided under the predecessor statute to section 38.002, indicated in *dicta* that a claimant had to be represented by another person to be entitled to recover attorneys' fees.[5] Despite being less than fully persuasive, were these the only cases available to us we would be inclined to hold, as did the district court, that CAZ could not recover attorneys' fees under section 38.002.

While this case was pending on appeal, however, a Texas intermediate appellate court addressed the issue of whether a claimant who used in-house counsel can recover attorneys' fees under sections 38.-001 and 38.002, assuming that all of the other statutory requirements are met. In *Tesoro Petroleum Corp. v. Coastal Refining & Marketing, Inc.*, 754 S.W.2d 764 (Tex.App.—Houston [1st Dist.] 1988, writ denied), the court unmistakably answered this question in the affirmative:

Although we find no Texas cases on point, we are persuaded by other authority that a successful claimant may recover attorney's fees for in-house counsel. These courts have found that the award of reasonable attorney's fees for services performed by in-house counsel compensates the prevailing party for time counsel could have spent on other corporate matters.... The reasoning of these cases is in keeping with the rationale of section 38.001.

*Id.* at 766–67 (citations omitted). Although the *Tesoro* court did not refer to the *dicta* in *Youngblood* and *Maus*, we are convinced that *Tesoro*, given the direct, unambiguous nature of its holding, represents the approach which a Texas court would take today in interpreting the attorneys' fees statute.

■ Although we note that *Tesoro* involved a corporation represented by in-house counsel, not a law firm represented by one of its own attorneys, we can perceive no meaningful distinctions between the two situations for the purposes of the statute. Just as the corporation should be entitled to compensation for the time which in-house counsel could have spent on other corporate matters, so is a law firm entitled to compensation for the time which the representing attorney could have spent on other client matters. We thus hold that, under Texas law, a law firm represented by one of its attorneys is entitled, insofar as the other statutory requirements are met, to recover attorneys' fees pursuant to sections 38.001 and 38.002.

Since the district court held that CAZ was not entitled to recover any attorneys' fees under the statute, it did not make any findings of fact regarding the reasonable-

---

**4.** *See Abell v. Potomac Ins. Co.*, 858 F.2d 1104, 1113 (5th Cir.1988).

**5.** In *Youngblood v. Wilson & Cureton*, 321 S.W.2d 887 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n.r.e.), the court stated, in the course of holding that an attorney's services are "personal services rendered" or "labor done" under the predecessor statute to § 38.001, that "if [an attorney] elects to employ another attorney to collect his compensation he is entitled to recover attorney's fees if successful in his suit." *Id.* at

888. Eleven years later, in *Maus v. Turman & Mitchell*, 456 S.W.2d 181 (Tex.Civ.App.—Austin 1970, writ ref'd n.r.e.), the court, citing *Youngblood*, implied that the employment of "another attorney" was necessary to recover attorneys' fees under art. 2226. In neither case, however, was resolution of the issue necessary to the court's decision in the case, and there is no discussion or citation to authority offered to support the statements.

ness of CAZ's requested attorneys' fees. Under Texas law, the issue of whether a claim for attorneys' fees is reasonable is a fact question for the jury, or in this case, the district court. *See Reynolds v. Allstate Ins. Co.*, 629 F.2d 1111, 1118 (5th Cir.1980), *modified on other grounds*, 633 F.2d 1208 (5th Cir. Jan. 1981). We therefore remand the case to the district court for further proceedings on this issue.[6] On remand, the district court should award CAZ, additionally, its reasonable attorneys' fees for successfully bringing this appeal.

## II.

Although it awarded CAZ postjudgment interest on the amount of the judgment, the district court did not address CAZ's demand, originally made in its complaint and preserved throughout trial, for statutory prejudgment interest.[7] CAZ contends that the court erred by failing to award it prejudgment interest on the amount of damages awarded.

To be entitled to statutory prejudgment interest, CAZ must demonstrate that the contract or account "provide[d] the conditions upon which liability depends and that it fix[ed] 'a measure by which the sum payable can be ascertained with reasonable

certainty.' " *Perry Roofing Co. v. Olcott*, 744 S.W.2d 929, 930 (Tex.1988) (quoting *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 567 (Tex.1984)). The requirement that the sum payable be ascertainable "with reasonable certainty" is to be liberally construed. *See id.* Although the Texas Supreme Court has vehemently questioned, in the context of *equitable* prejudgment interest, the ability of courts rationally to distinguish situations in which damages or a sum payable is fixed and readily ascertainable from those in which it is not,[8] the requirement apparently has survived in the *statutory* context, most likely for the simple reason that there is really no other way to interpret the statutory text.[9]

■ The record reveals that the invoices sent by CAZ to the Thomassons established with relative certainty the amount of attorneys' fees and related miscellaneous expenses which CAZ sought to recover for services rendered by the firm to the Thomassons.[10] It is undisputed, however, that the Thomassons contested both their liability for some of the attorneys' fees *and* the *amount* of the attorneys' fees for which they acknowledged liability. Moreover, the district court, although it awarded dam-

---

6. Subsumed within CAZ's claim for attorneys' fees was a claim for accountants' fees, owed to auditors hired by CAZ in connection with its work for the Thomassons, for which CAZ billed the Thomassons on at least one of the invoices. The district court denied recovery for the accountants' fees on the ground that CAZ lacked standing to sue for recovery of the fees because a third party had already paid the accountants any fees owed to them by the Thomassons. Thus, any attorneys' fees sought by CAZ for prosecuting the accountants' fees' claim should be considered presumptively unreasonable, at the very least, for the simple reason that CAZ has failed to recover on this claim.

7. In its complaint, CAZ alleged that it was entitled to prejudgment interest by virtue of Tex. Rev.Civ.Stat.Ann. art. 5069–1.03 (Vernon 1987), which provides that

[w]hen no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all accounts and contracts ascertaining the sum payable, commencing on the thirtieth (30th) day from and after the time when the sum is due and payable.

8. *See Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 553 (Tex.1985).

9. *See Perry Roofing Co.*, 744 S.W.2d at 930; *Liquid Energy Corp. v. Trans–Pan Gathering, Inc.*, 758 S.W.2d 627, 638 (Tex.App.—Amarillo 1988, no writ); *USX Corp. v. Union Pac. Resources Co.*, 753 S.W.2d 845, 857 (Tex.App.—Fort Worth 1988, no writ).

10. For the purposes of our analysis, we disregard the fact that CAZ, on at least one of the invoices, also billed the Thomassons for accountants' fees incurred by auditors hired by the firm. The accountants' fees charge was clearly delineated on the face of the invoice, and the amount of attorneys' fees and related expenses due could be calculated with comparative ease. Because the district court treated the claims for attorneys' fees and accountants' fees as entirely separate, and denied recovery to CAZ on the accountants' fees claim because CAZ lacked standing to sue for contribution from the Thomassons, we do not consider the fact that the invoices contained a charge for accountants' fees to be a bar to prejudgment interest under the statute.

ages equal to approximately ninety percent of CAZ's total claim for attorneys' fees, refused to award CAZ all of the attorneys' fees claimed by the firm on the grounds that the Thomassons had not consented to increases in CAZ's hourly billing rates and that CAZ's charges for copying costs were excessive.

In these circumstances, and in the absence of any definitive, controlling authority from Texas case law, we cannot say that the invoices fixed "a measure by which the sum payable [could] be ascertained with reasonable certainty." *La Sara Grain Co.*, 673 S.W.2d at 567. Although there is a wealth of cases applying art. 5069–1.03, we have failed to find any in which statutory prejudgment interest was awarded in a situation in which the parties contested the "sum payable" apart from the issue of liability.

Rather, recent Texas cases reveal that art. 5069–1.03 has been applied only in cases in which the court, having already found liability, concluded that the contract or account unambiguously established the amount owed.[11] In the absence of a definitive statement to the contrary from Texas courts, therefore, we are unable to conclude that statutory prejudgment interest is available in a suit such as this one, in which the defendant is reasonably challenging the amount owed as well as liability and the district court makes nontrivial reductions in the amount owed under the account.

That CAZ is not entitled to *statutory* prejudgment interest, however, does not mean that the district court's failure to award the firm prejudgment interest was proper. Following *Cavnar,* we have interpreted Texas law as allowing a prevailing party in either a contract or tort suit to recover prejudgment interest as a matter of *equity* in all but the most exceptional circumstances. *See Concorde Limousines, Inc. v. Moloney Coachbuilders, Inc.,* 835 F.2d 541, 549 (5th Cir.1987) (citing *Cavnar* and *Matthews v. DeSoto,* 721 S.W.2d 286, 287 (Tex.1986) (per curiam)).[12] In previous cases, if a district court, in the exercise of its diversity jurisdiction, has awarded damages under Texas state law but denied or failed to grant prejudgment interest without any explanation, we have remanded "for either an explanation of the exceptional circumstances that justify denial of prejudgment interest or amendment of the judgment to include prejudgment interest" at the rate established by art. 5069–1.05. *Concorde Limousines, Inc.,* 835 F.2d at 550. *See American Int'l Trading Corp. v. Petroleos Mexicanos,* 835 F.2d 536, 541 (5th Cir.1987). We do the same here.[13]

---

**11.** *See, e.g., USX Corp.,* 753 S.W.2d at 857 (contract established both total amount and price of the material to be shipped); *Strata Energy, Inc. v. Gavenda,* 753 S.W.2d 789, 792 (Tex.App.—Houston [14th Dist.] 1988, writ granted) (damages under contract readily ascertainable by "simple mathematical calculation of each monthly deficiency in royalty payment"); *cf. Rio Grande Land & Cattle Co. v. Light,* 758 S.W.2d 747, 748 (Tex.1988) (Contract for feed lot services did not ascertain sum payable; court determined that service provider was entitled to only equitable prejudgment interest); *Liquid Energy Corp.,* 758 S.W.2d at 638 (gas contracts containing "myriad conditions respecting the quality of gas" do not provide a measure by which sum payable could be ascertained with reasonable certainty).

**12.** Under *Cavnar,* "[p]rejudgment interest shall accrue at the prevailing rate that exists on the date judgment is rendered according to the provisions of Tex.Rev.Civ.Stat.Ann. art. 5069–1.05 § 2 (Vernon Supp.1985)." 696 S.W.2d at 554. The Texas Supreme Court has recently empha-

sized that in all cases, including contract cases, in which prejudgment interest is awarded on the basis of equity rather than statute, the rate of interest is determined by reference to art. 5069–1.05 § 2, not art. 5069–1.03. *See Perry Roofing Co.,* 744 S.W.2d at 930–31.

Section 2 of art. 5069–1.05, which establishes the process for determining the postjudgment interest rate to be used for judgments of Texas state courts in non-contract cases, provides that the rate shall fluctuate between a minimum of 10% and a maximum of 20% according to the interest rate on the Federal Reserve Board's most recent monthly auction of United States treasury bills. *See* Tex.Rev.Civ.Stat.Ann. art. 5069–1.05 § 2 (Vernon Supp.1989). Ironically, therefore, CAZ, by failing to establish its right to statutory prejudgment interest, may actually obtain a higher rate of prejudgment interest than it would have received had its arguments been successful in the district court.

**13.** Although CAZ specifically requested prejudgment interest in its complaint only under art. 5069–1.03, it is still entitled to an award of

### III.

In summary, we conclude that CAZ is entitled, under Texas law, to recover its reasonable attorneys' fees incurred in bringing suit to recover the underlying attorneys' fees owed to it by the Thomassons, and to an award of equitable prejudgment interest unless the district court finds that exceptional circumstances warrant the denial of prejudgment interest. CAZ shall also recover its reasonable attorneys' fees for bringing this appeal. REVERSED AND REMANDED.

equitable prejudgment interest in the absence of exceptional circumstances by virtue of its general prayer for relief. *See Bowers v. Firestone Tire & Rubber Co.,* 800 F.2d 474, 479 (5th Cir.1986) (because federal law governs the sufficiency of pleadings, it is unnecessary for a plaintiff to make a specific prayer for prejudgment interest).