**FARMLAND INDUSTRIES, INC.,**
**Plaintiff–Appellant,**

v.

**ANDREWS TRANSPORT CO.,**
**Defendant–Appellee.**

**No. 88–1946.**

United States Court of Appeals,
Fifth Circuit.

Nov. 24, 1989.

Donald M. Hunt, Carr, Evans, Fouts, & Hunt, Lubbock, Tex., for plaintiff-appellant.

Joseph W. Spence, Gandy, Michener, Swindle, Whitaker & Pratt, Fort Worth, Tex., for defendant-appellee.

Before JOHNSON, WILLIAMS and GARWOOD, Circuit Judges.

JOHNSON, Circuit Judge:

Farmland Industries appeals the district court's judgment allowing recovery for only one of two lost loads of fuel under a theory of conversion, awarding prejudgment interest at the rate of 8.32 percent and disallowing the recovery of attorney's fees by Farmland. For the reasons cited herein, we reform the judgment to allow Farmland to recover under a breach of

contract theory for both loads of fuel. Additionally, we reform the judgment to reflect prejudgment interest at the rate of ten percent per year. Finally, we reform the judgment to allow Farmland to recover attorney's fees.

## I. FACTS AND PROCEDURAL HISTORY

Farmland Industries, Inc. (hereafter Farmland) is a Missouri Corporation which sells fuel, fertilizer, feed and related agricultural products to farming cooperatives throughout the Midwest. Since 1972, Farmer's Co-op Gin Company (hereafter Co-op) had been buying fuel from Farmland. The method of purchase employed by Co-op was relatively simple; Co-op would call in an order to Farmland; Farmland would then ship the fuel to Co-op by common carrier. A day or two after Co-op took delivery of the fuel, Farmland would invoice Co-op for the purchase price of the particular commodity delivered. Such was the procedure in effect at the time the instant controversy arose.

On April 2, 1985, Farmland reportedly received a request from Co-op to deliver a load of diesel fuel to Co-op.[1] On that same day, Farmland reached an agreement with a common carrier, Andrews Transport, to transport the diesel fuel to Co-op. Andrews Transport thereafter took possession of the diesel fuel from Farmland and Farmland tendered $247.69 to Andrews Transport in satisfaction of the transportation charges. More than a month later, on May 14, 1985, Farmland claims that it received another request from Co-op for a split load of regular and unleaded gas.[2] As before, Andrews Transport took possession of the fuel and was paid $227.45 in transportation charges by Farmland.

Co-op alleges that it never received, and indeed never ordered, either load of fuel. Andrews Transport disputed Co-op's nondelivery claims and asserted that both loads were delivered to Co-op. Farmland, having not received payment from Co-op for either load of fuel, demanded payment from both Co-op and Andrews Transport. After both Co-op and Andrews failed to pay Farmland for the fuel, Farmland filed the instant suit in the district court against Andrews Transport and Co-op.

After a jury trial, the jury found in favor of Farmland and determined the value of both loads of lost fuel as well as Farmland's reasonable trial and appellate attorney's fees. The district court, however, applying a conversion theory rather than a breach of contract theory, entered judgment for Farmland against Andrews for the market value of the second load of fuel only. The district court denied recovery for the first load of fuel on the basis of the two year statute of limitations which governs conversion actions. Additionally, the district court awarded prejudgment interest to Farmland at the rate of 8.32 percent. Finally, the district court declined to award Farmland attorney's fees as determined by the jury. Farmland appeals.

## II. DISCUSSION

On appeal, Farmland first contends that the district court erred by treating Farmland's claims against Andrews Transport and Co-op as a conversion rather than a breach of contract action.[3] Importantly, the statute of limitations for breach of contract actions is a four year period whereas the statute of limitations for a conversion action is a two year period. Alternatively, Farmland claims that even if the district court properly applied a conversion theory of recovery, damages for both loads of fuel should be recovered since the actual date of conversion was never established as part of a statute of limitations defense.

Our resolution in this case of whether Farmland's cause of action against Co-op and Andrews Transport sounds in contract or tort is guided by the tenor of Farmland's pleadings. In paragraph four of Farm-

---

**1.** 8,506 gallons valued at $7,130.96.

**2.** 4,296 gallons of regular and 4,520 gallons of unleaded with a combined value of $9,309.73.

**3.** Because the jury found no liability on the part of Co-op, Andrews Transport is the sole appellee.

**1068**

land's original complaint, which names both Co-op and Andrews Transport as defendants, Farmland asserts that "[t]his is a suit based in contract." Nowhere in Farmland's original complaint does one find language indicating that Farmland's cause of action sounds in tort for conversion. Moreover, the district court's pretrial order which, incidentally, was prepared by Farmland, Co-op, and Andrews Transport, contains the following language:

> "[p]laintiff seeks judgment against Defendants ... based in contract."

> \* \* \* \* \* \*

> "[p]laintiff claims that if FARMERS CO–OP did not receive the fuel in question, that ANDREWS TRANSPORT is liable to Plaintiff for breach of contract in that Plaintiff contracted with ANDREWS to transport the fuel in question ..."

Again, as in the plaintiff's original complaint, there exists in the pretrial order no language whatsoever to suggest that Farmland intended to pursue a conversion claim against Andrews. Moreover, the district court, in its charge to the jury, noted that the parties stipulated that Andrews Transport had entered into an agreement with Farmland to deliver both loads of fuel.

▬ Farmland points to the fact that Andrews issued a bill of lading for the lost fuel. In Texas, a bill of lading issued by a common carrier represents not only a receipt for the goods but also the agreement for the carriage. *Hines v. Scott*, 112 Tex. 506, 248 S.W. 663, 665 (1923). *See also Southern Pacific Co. v. Builders Hardware, Inc.*, 382 S.W.2d 149, 153 (Tex.Civ. App.—Houston 1964, writ ref'd n.r.e.) (the bill of lading is the "foundation of the contract to carry and deliver"). The Supreme Court of the United States has likewise recognized a bill of lading as a "basic transportation contract" between the shipper and carrier. *Transportation Co. v. Commercial Metals*, 456 U.S. 336, 342, 102 S.Ct. 1815, 1820, 72 L.Ed.2d 114 (1982). In light of the plaintiff's pleadings and the above cited authority, we are constrained to conclude that the district court should have applied a breach of contract rather

than a conversion theory of recovery for Farmland's claims. Consequently, the longer four year statute of limitations for breach of contract claims governs, thus allowing Farmland to recover damages for the first load of fuel as well as the second.

Farmland next argues that the district court erred by awarding prejudgment interest at the rate of 8.32 percent rather than ten percent. In *Cavnar v. Quality Control Parking Inc.*, 696 S.W.2d 549 (Tex. 1985), the Texas Supreme Court mandated a minimum ten percent, compounded daily, prejudgment interest standard. In light of this authority and Andrews Transport's concession that ten percent is the proper rate, we conclude that the appropriate prejudgment interest rate is ten percent rather than the 8.32 percent rate awarded by the district court. Further, we conclude that interest should run from the dates delivery should have been made on each load of fuel—April 3, 1985, and May 14, 1985, respectively.

▬ Finally, Farmland contends that the district court erred in failing to award attorneys' fees. Section 38.001 of the Texas Civil Practice and Remedies Code authorizes recovery of attorney's fees on valid claims based on 1) a written contract, 2) lost freight or 3) furnished materials. A written contract, such as a bill of lading, supports recovery of attorney's fees under the statute. *Preload Technology, Inc. v. A.B. & J. Construction Co., Inc.*, 696 F.2d 1080, 1093 (5th Cir.1983). Attorney's fees may likewise be recoverable for the failure of a common carrier to deliver goods, since they fall in the "lost freight" category. Accordingly, we are constrained to conclude that the district court erred in failing to award attorney's fees in the amount determined by the jury.

## III. CONCLUSION

The judgment is reformed to allow Farmland to recover against Andrews Transport for both shipments of fuel under a breach of contract theory. The judgment is further reformed to allow the recovery of prejudgment interest at the rate of ten percent per year compounded daily from the date

when delivery should have been made until the date of judgment. The judgment is lastly reformed to allow Farmland to recover attorney's fees as determined by the jury. It is so ordered.

REFORMED.