**LAW OFFICES OF MOORE & ASSOCIATES, Plaintiff–Appellee,**

v.

**AETNA INSURANCE CO., Defendant–Appellant.**

No. 89–1651.

United States Court of Appeals, Fifth Circuit.

June 6, 1990.

Kathleen M. McCulloch, Paul McCollum, Shaffer, Davis, McCollum, Ashey, O'Leary & Stoker, Odessa, Tex., for defendant-appellant.

Richard Palmer, Little, Palmer & Williams, Big Spring, Tex., for plaintiff-appellee.

Before WISDOM, JOHNSON, and DUHÉ, Circuit Judges.

WISDOM, Circuit Judge:

This is an appeal of a suit brought by a law firm against a workers' compensation insurer to recover attorney's fees for its role in relieving the insurer of future compensation payments. Both parties moved for summary judgment. The district court ruled in favor of the plaintiff, awarding it a sum for benefitting the insurer and an additional amount for prosecution of the instant case. Prejudgment interest was awarded on both of these sums. The defendant advances a number of legal arguments on appeal. We affirm in part and reverse in part.

I

Aetna Insurance Company ("Aetna") provided a workers' compensation insurance policy to the City of Odessa, Texas. The provisions of the policy were triggered when a police officer for the city, Gordon Toal, died in a traffic accident on August 19, 1982 in the course and scope of his employment. Aetna immediately began making statutory death benefits to the beneficiaries.

Toal's heirs retained attorney Allen Moore to pursue wrongful death claims against the parties allegedly responsible for the accident. One of those parties was Tommy Lynn McAden, the driver of the vehicle that collided with Officer Toal's motorcycle. Aetna hired its own counsel and intervened in the suit under its statutory right of subrogation. Moore negotiated a settlement with McAden for the sum of $105,000 on December 30, 1983. Out of the settlement, Aetna received $14,423.49, the amount it paid to and on behalf of the Toals. Moore received $34,230 in attorney's fees. The Toals subsequently dismissed Moore and hired another attorney to pursue the remaining wrongful death claims.

On December 23, 1987, Moore filed suit against Aetna in a Texas state court for attorney's fees to compensate him for his efforts that enabled Aetna to exercise its subrogation rights.[1] Aetna removed the case to the federal district court.

---

1. The plaintiff's original complaint sought fees in the amount of $43,025.36. A supplemental

Both parties filed motions for summary judgment. The trial court granted the plaintiff's motion for summary judgment and awarded him $51,265.49 [2] in attorney's fees for his work that benefitted Aetna, and $17,088.50 in attorney's fees for prosecuting this case. He also awarded prejudgment interest on both awards at the rate of ten percent.

## II

Aetna's first argument on appeal is that res judicata or collateral estoppel bars Moore's claim against it. Aetna maintains that the December 30, 1983 settlement between the heirs of Toal and McAden, the driver of the car that collided with the decedent, disposed of Moore's attorney's fees claim.

In this diversity case, "state law determines the preclusive effect of a prior state court judgment . . .".[3] *Bonniwell v. Beech Aircraft Corp.*[4] succinctly states Texas law on res judicata and collateral estoppel:

> When a prior judgment is offered in a subsequent suit in which there is identity of parties, issues and subject matter, such judgment is treated as an absolute bar to retrial of claims pertaining to the same cause of action on the theory that they have merged into the judgment.
>
> Collateral estoppel . . . bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in

a prior suit, regardless of whether the second suit is based upon the same cause of action.[5]

In the Toals' suit against McAden, Moore received a sum to compensate him for his representation of the Toals' interests out of the recovery. In the instant case, Moore is suing Aetna under an implied contract theory and article 8307 § 6a to recover compensation for services rendered to Aetna.[6] This action resembles that in *Ischy v. Twin City Fire Insurance Co.*,[7] where the court held that a workers' compensation claimant and her attorney were entitled to attorney's fees based on the present cash value of the benefits the insurer was relieved of paying. The benefit to Aetna was relief from its obligation to make compensation payments to the Toals. Res judicata is not implicated merely because two suits arise out of the same general transaction.[8] Moore's suit against Aetna is not barred by res judicata because the suits involve different issues. Collateral estoppel is inapplicable because the issue of the benefit accruing to Aetna from Moore's services was not actually litigated.

Aetna also challenges the court's award of over $17,000 in attorney's fees to Moore based on section 38.001 of the Texas Civil Practice and Remedies Code.[9] First, Aetna repeats its res judicata argument, which we reject for the reasons we have

---

pleading showed that the amount sought was $51,265.49.

2. This figure is one-third of the total amount that Aetna was relieved of paying, $153,796.47.

3. *Kurzweg v. Marple*, 841 F.2d 635, 639 (5th Cir.1988).

4. 663 S.W.2d 816 (Tex.1984).

5. *Id.* at 818.

6. Article 8307 § 6a provides in relevant part: (a) [W]hen the claimant is represented by an attorney, and the association's interest is not actively represented by an attorney, the association shall pay such fee to the claimant's attorney not to exceed one-third (⅓) of said subrogation recovery or as may have been agreed upon between the claimant's attorney and the association or in the absence of such agreement the court shall allow a reasonable

attorney's fee to the claimant's attorney for recovery of the association's interest which in no case shall exceed thirty-three and one-third (33⅓%) payable out of the association's part of the recovery.
Tex.Rev.Civ.Stat.Ann. art. 8307 § 6a (Vernon Supp.1990).

7. 718 S.W.2d 885, 888 (Tex.App.—Austin 1986, writ ref'd n.r.e.).

8. *Griffin v. Holiday Inns of America*, 496 S.W.2d 535, 538 (Tex.1973).

9. Section 38.001 provides:
A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . .
(8) an oral or written contract.
Tex.Civ.Prac. & Rem.Code Ann. § 38.001 (Vernon 1986).

stated. Second, Aetna argues that Moore has not complied with the proper procedure for obtaining fees under section 38.001. In order to recover fees under that section, section 38.002 requires that the claimant present his claim to the opposing party. The purpose of the presentment requirement is to afford the debtor an opportunity to pay the claim voluntarily without obligating himself to pay attorney's fees.[10] Aetna does not dispute the fact that there is evidence in the record that Moore demanded payment from Aetna for his services. Rather, Aetna contends that under section 38.002, Moore must also make "demand for attorney's fees as a result of filing suit in this case ...".[11] There is no such requirement. Moore made a presentment of the underlying claim to Aetna. Aetna's failure to pay within thirty days renders it liable for attorney's fees under section 38.001; there is no need or rationale for a separate demand for attorney's fees in the instant case.

Aetna urges that the court erred in awarding Moore $51,265.49 on his underlying claim because there is no evidence of Mrs. Toal's age from which future death benefits—and savings to Aetna—can be calculated. A review of the record shows that the widow's date of birth was disclosed.

Aetna advances a number of objections to the awarding of interest on the two sums given to Moore, as well as to the rate and calculation of the interest. On the award of $51,265.49, the court assessed prejudgment interest at ten percent, compounded daily, from December 30, 1983 until June 12, 1989. On the award of $17,088.50 for attorney's fees in this case, the court awarded interest at the same rate from February 8, 1988 until June 12, 1989.[12]

As this Court noted in *Campbell, Athey & Zukowski v. Thomasson*,[13] Texas law provides three grounds upon which an award of prejudgment interest may be based: statute, equity, and contract. As there is no contract for interest involved in this case, we will discuss the other two bases of recovery.

Article 5069–1.03 [14] provides for a six percent rate of interest "on all accounts and contracts ascertaining the sum payable ..." when the parties have not agreed otherwise. After surveying the Texas cases construing this statute, this Court recently observed that article 5069–1.03 has been applied only in cases in which "the contract or account unambiguously established the amount owed".[15]

We are of the opinion that neither award of prejudgment interest is properly supported by this article. First, with respect to the award for services benefitting Aetna, we cannot say that the implied contract between Moore and Aetna unambiguously established this amount. Under the Workers' Compensation statute, Moore was entitled only to a "reasonable" fee, not to exceed one-third of Aetna's monetary benefit. Moreover, this amount could have been reduced to the extent that Aetna's counsel participated in the wrongful death settlement. Second, with respect to the section 38.001 attorney's fees awarded for prosecuting this case, the Texas Supreme Court has determined that article 5069–1.03 is inapplicable to an award of attorney's fees for prosecution of a collection case. In *Hervey v. Passero*,[16] the court disallowed prejudgment interest based on that article for an award of attorney's fees to a real estate broker who successfully sued for a commission. We likewise find the statute inapplicable to an award of fees under section 38.001.

**10.** *Jones v. Kelley,* 614 S.W.2d 95 (Tex.1981).

**11.** Appellant's brief at 26.

**12.** The total prejudgment interest on the awards amounted to $37,123.20 and $2,454.83, respectively.

**13.** 863 F.2d 398 (5th Cir.1989).

**14.** Tex.Rev.Civ.Stat.Ann. art. 5069–1.03 (Vernon 1987).

**15.** *Campbell, Athey & Zukowski,* 863 F.2d at 402.

**16.** 658 S.W.2d 148 (Tex.1983). *See also Falcon Constr. Co. v. Economy Forms Corp.,* 805 F.2d 1229, 1235 (5th Cir.1986).

Texas courts also award prejudgment interest based on equitable grounds. Beginning with *Cavnar v. Quality Control Parking, Inc.*,[17] and continuing with *Perry Roofing Co. v. Olcott*,[18] the Texas Supreme Court has recognized the propriety of awarding equitable prejudgment interest in order to encourage settlements and to discourage delay.[19] Although *Cavnar* discussed wrongful death and personal injury actions, *Perry Roofing* and other cases have noted the availability of prejudgment interest in the commercial context.[20] *Cavnar* holds that when prejudgment interest is based on equity, interest accrues at the prevailing rate according to article 5068-1.05.[21] The interest is compounded daily on damages that have accrued by the time of judgment.[22]

 Under *Cavnar* and *Perry*, we find that prejudgment interest was properly assessed against Aetna on the underlying award.[23] We also reject Aetna's argument that the interest may not accrue before 1985, the year in which *Cavnar* was decided. *Cavnar* and *Perry* state that their holdings apply "to all future cases as well as those still in the judicial process ...".[24] Thus, the rule announced in those opinions applies to this case with full force. In *Farmland Industries, Inc. v. Andrews Transport Co.*,[25] this Court awarded prejudgment interest, based on *Cavnar*, for a period that preceded the decision, because the case came after *Cavnar*. The principle applies here as well.

 We reach a contrary result with respect to equitable prejudgment interest on the award of section 38.001 attorney's fees. We hold that prejudgment interest is not properly awarded on attorney's fees under that statute. In Texas, the general common-law rule is to disallow attorney's fees in the absence of a statute or contract to the contrary.[26] Section 38.001 is in contravention of that general rule and should be strictly construed. Its allowance for the award of attorney's fees in limited circumstances is "in the nature of a penalty, or punishment for failure to pay a just debt ...".[27] Because section 38.001 is a penal statute, we believe that *Cavnar* and *Perry Roofing* are inapplicable. First, *Cavnar* expressly provides that equitable prejudgment interest is not available on punitive damages.[28] Second, the Texas Supreme Court recently held equitable prejudgment interest inapplicable to usury penalty damages under article 5069-1.06. In *Steves Sash & Door Co. v. Ceco Corp.*,[29] the court reasoned that "[s]ince usury statutes are penal in nature, they must be strictly construed. Under a strict construction analysis of 5069-1.06, prejudgment interest is not recoverable". Accordingly, we conclude that the award of $2,454.83 in prejudgment interest on the attorney's fees was error.

Finally, Aetna argues for reversal of the judgment on the ground that Moore's underlying claim against Aetna is barred by the applicable statute of limitations. The wrongful death judgment was obtained on

17. 696 S.W.2d 549 (Tex.1985).

18. 744 S.W.2d 929 (Tex.1988).

19. *Id.* at 930.

20. *See, e.g., Farmland Indus., Inc. v. Andrews Transport Co.*, 888 F.2d 1066 (5th Cir.1989); *Concorde Limousines, Inc. v. Moloney Coachbuilders, Inc.*, 835 F.2d 541 (5th Cir.1987).

21. Tex.Rev.Civ.Stat.Ann. art. 5069-1.05 (Vernon Supp.1990).

22. *Cavnar*, 696 S.W.2d at 554.

23. *Hervey v. Passero*, 658 S.W.2d 148 (Tex.1983) does not dictate a contrary result. *Hervey* turned on construction of article 5069-1.03, which is not relied upon here.

24. *Cavnar*, 696 S.W.2d at 556; *Perry*, 744 S.W.2d at 931.

25. 888 F.2d 1066, 1068 (5th Cir.1989).

26. *Ridout v. Mobile Housing, Inc.*, 497 S.W.2d 66 (Tex.App.—Austin 1973, writ ref'd n.r.e.).

27. *Huff v. Fidelity Union Life Ins. Co.*, 158 Tex. 433, 312 S.W.2d 493, 501 (1958) (addressing article 2226, the predecessor of section 38.001). *See also European Import Co. v. Lone Star Co.*, 596 S.W.2d 287, 290 (Tex.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

28. *Cavnar*, 696 S.W.2d at 556.

29. 751 S.W.2d 473, 476 (Tex.1988) (citations omitted).

December 30, 1983. Citing *Shead v. Grissett*[30] and *McAdams v. Brown*[31], Aetna contends that a suit for attorney's fees based upon an oral contract is governed by the two year statute of limitations in section 16.003.[32] Moore filed suit on December 23, 1987. This case is governed by the four year statute of limitations of section 16.004.[33] The two year statute applicable to suits on a debt based on an oral contract was deleted in 1979.[34] Moore filed his suit within the applicable period and it is timely.

### III

We affirm the judgment of the district court except insofar as it awarded prejudgment interest on the award of $17,088.50 in attorney's fees. Because the statute authorizing such fees is penal in nature, we conclude that equitable prejudgment interest is not properly awarded on that amount. AFFIRMED in part, REVERSED in part, and RENDERED.

---

**30.** 566 S.W.2d 318 (Tex.App.—Houston [1st Dist.] 1978, writ dism'd).

**31.** 422 S.W.2d 749 (Tex.App.—Houston [1st Dist.] 1967, no writ).

**32.** Tex.Civ.Prac. & Rem.Code § 16.003 (Vernon 1986).

**33.** Tex.Civ.Prac. & Rem.Code § 16.004 (Vernon 1986).

**34.** *Mitchell v. Jones*, 694 S.W.2d 61, 63 (Tex.App. —Houston [14th Dist.] 1985, no writ).