United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 29, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

————————

No. 04-30915

————————

BOYD BAKER; SARAH BAKER; CAMERAS AMERICA LLC,

Plaintiffs-Appellants,

versus

HAROLD DEARIE, ET AL,

Defendants,

CANAL INDEMNITY CO.,

Defendant-Appellee.

———————————————————————————

Appeal from the United States District Court
For the Eastern District of Louisiana
USDC No. 2:03-CV-678-C

———————————————————————————

Before REAVLEY, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Boyd Baker, Sarah Baker, and Cameras America, L.L.C. (collectively, "Cameras") appeal the

————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's summary judgment in favor of Canal Indemnity Company ("Canal"). Cameras argues that the district court erred in holding that Canal had no duty to defend Cameras in two state lawsuits, one in Louisiana and one in Texas.

At the time of the district court's summary judgment, a Louisiana district court had held that Canal had a duty to defend Cameras in the Louisiana litigation. A state appellate court affirmed that holding before the parties submitted their briefs in this appeal. Subsequent to oral argument in this appeal, the Louisiana Supreme Court denied Canal's writ application seeking further review.

Canal conceded in its brief that the denial of its writ application by the Louisiana Supreme Court would render the state court's determination final. It also conceded that such a determination would have a preclusive effect in this litigation. *See Law Offices of Moore & Assocs. v. Aetna Ins. Co.*, 902 F.2d 418, 420 (5th Cir. 1990) ("In [a] diversity case, state law determines the preclusive effect of a prior state court judgment." (internal quotation omitted)); LA. REV. STAT. 13:4231(3) ("A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment."). We therefore reverse the judgment of the district court as to the Louisiana litigation.

As to the Texas litigation, the district court awarded Canal summary judgment for multiple reasons, including that the events described in the Texas petition could not be construed as occurrences under the policy and that the policy's work product exclusion is applicable. Cameras's brief does not address these holdings at all. Its contention that the district court's judgment should be reversed as to the Texas litigation is therefore waived for inadequate briefing. *See* FED. R. APP. P. 28(a)(9)(A).

-2-

For the foregoing reasons, we REVERSE the judgment of the district court as it relates to the Louisiana litigation and REMAND to the district court for further proceedings consistent with this opinion.  We AFFIRM the judgment of the district court as it relates to the Texas litigation.