MONSANTO COMPANY, Petitioner,

v.

**Annie Belle JOHNSON, Individually and as Surviving Spouse of B.B. Johnson, Deceased, Respondent.**

No. C–3445.

Supreme Court of Texas.

June 5, 1985.

McLeod, Alexander, Powel & Apffel, Ervin A. Apffel and Otto D. Hewitt, III, Galveston, for petitioner.

Brown, Todd, Hagood & Davenport, Gordon E. Davenport, Jr., Alvin, for respondent.

PER CURIAM.

Both Monsanto Company and Annie Belle Johnson seek reversals from a court of appeals judgment in these wrongful death and survival causes of action growing out of an incident on Monsanto's premises which resulted in the death of Mrs. Johnson's husband, B.B. Johnson. A jury awarded Mrs. Johnson $710,000 in wrongful death damages, $2,908 in survival action damages and $250,000 in exemplary damages. In rendering judgment, the trial court set aside the survival action and exemplary damages awards. The court of appeals reinstated the $250,000 exemplary damages award and in all other things af-

firmed the judgment of the trial court. 675 S.W.2d 305 (1984). Mrs. Johnson assigns as error in this court the denial of prejudgment interest on her damages. Monsanto claims evidentiary errors as to all damages and as to its knowledge of the premises defect which served as the basis of the suit. We refuse both applications for writ of error, no reversible error.

In refusing Mrs. Johnson's application, we do so with full recognition of our decision in *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985). There are no survival action damages in this case on which prejudgment interest can be awarded. Pursuant to *Cavnar*, prejudgment interest is not recoverable for exemplary damages. As to the wrongful death damages, Mrs. Johnson, like the heirs of Geraldine Cavnar, failed to segregate damages preceding the date of trial from those that would occur in the future. Therefore, following the rule posited in *Cavnar*, Mrs. Johnson is entitled to recover no prejudgment interest. We find no error in the judgment of the court of appeals disposing of the points urged by Monsanto. Accordingly, both applications for writ of error are refused, no reversible error.