**STRICK CORPORATION and Ashot Ashkelon, Appellants,**

v.

**Daryel KEEN, et ux., Appellees.**

**No. A14–85–208CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 27, 1986.

Rehearing Denied May 1, 1986.

Frank M. Bean, Houston, Larry W. Wise, Austin, Andrew T. McKinney, Houston, for appellants.

Gary B. Webb, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment entered in favor of appellees (appellees or Keen) against appellants (appellants, Strick or Ashot) in the amount of $264,700.00 following a jury trial in a personal injury suit. Appellants contend the trial court erred in disregarding the jury's answers to special issues that found Keen to be con-

tributorily negligent, and in accepting Keen's voluntary remittitur and entering judgment on the remaining verdict. Appellant Ashot further alleges the trial court erred in not dismissing Ashot for lack of jurisdiction following its special appearance, in denying Ashot the right to fully cross-examine one of appellees' witnesses, and in excluding from evidence part of a survey report offered by appellees. We find the trial court erred in disregarding the jury's answers concerning Keen's contributory negligence, and reverse and render judgment reducing appellee's damages in accordance with the jury's answers to the disregarded special issues.

On August 5, 1978, appellee Daryel Keen was injured while working for Santa Fe Transportation Company when a transportation trailer recently moved by a co-worker fell over onto a hostler driven by Keen. (A hostler is a vehicle used to pull loaded trailers from one site to another.) Appellees brought suit based on products liability against Ashot, who manufactured a component to the trailer called a "sand shoe," and Strick, who assembled the trailer. In response to the submission of special issues, the jury found Keen's injuries to be caused by a defective sand shoe, held appellants strictly liable, and awarded appellees $250,000.00 in general damages and $20,000.00 for medical expenses. The jury also found 50% of Keen's injuries to be caused by his own contributory negligence. Upon appellees' motion, the trial court disregarded the jury's findings of contributory negligence, accepted appellees' voluntary remittitur of part of the medical expenses award, and entered judgment against appellants jointly and severally in favor of appellees in the amount of $226,058.00, and in favor of intervenor Texas Employers Insurance Association in the amount of $38,642.00. The trial court's judgment further ordered Ashot to indemnify Strick. It is from this judgment that appellants bring this appeal.

Appellant Strick in points of error one through five, and appellant Ashot in points of error two and three, allege the trial court erred in disregarding the jury's answers to Special Issue Nos. 7, 8 and 9 regarding Daryel Keen's contributory negligence.

In answers to Special Issue No. 7 the jury found that Keen moved his hostling tractor beside the trailer that injured him when a person exercising ordinary care could not have done so safely. The jury concluded in Special Issue No. 8 that Keen's action was a proximate cause of the accident, and in Special Issue No. 9 that 50% of Keen's injuries were caused by his actions and 50% by the defective sand shoe attaching the trailer's supportive legs to the ground. The trial court disregarded the jury's answers to Special Issue Nos. 7 and 8 and that part of 9 relating to Keen's actions, and rendered judgment for Keen for the full amount of damages awarded by the jury.

These points of error require this court to interpret *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex.1984), in which the Texas Supreme Court adopted a system of comparative causation in cases based on strict liability. According to *Duncan* the trier of fact is to compare the harm caused by the defective product with the harm caused by the negligence of other defendants and plaintiffs in distributing accident costs.

The court's opinion points to the adoption of section 402A of the *Restatement (Second) of Torts*, in particular on comment "n," which states that contributory negligence of the plaintiff is not a defense when such negligence consists merely in a failure to discover the defect in a product or guard against its existence, while the form of contributory negligence which consists in voluntarily and unreasonably proceeding to encounter a known danger is a defense. *Id.* at 423.

It is appellants' position that they are entitled to a 50% reduction in the jury's award of damages in accordance with the answers to Special Issue Nos. 7, 8 and 9 because the evidence shows that Keen's conduct amounted to other than a mere failure to discover the defect or guard

against its existence, i.e., that Keen's conduct constitutes a type of negligence now allowed as a defense in strict liability suits, and thus the jury's answers should not have been disregarded by the trial court. Appellees contend, however, that the trial court properly disregarded these issues because Keen's only negligent conduct was in getting too close to a defective product, which is conduct amounting to a mere failure to discover a defect and guard against its existence and thus not a defense, as a matter of law, under *Duncan*.

When a trial court disregards the jury's answers to special issues, it is the duty of the appellate court to review the evidence in a light most favorable to the losing party, resolving all conflicts and inconsistencies in favor of the losing party. *International Bank of Commerce of Laredo v. Union National Bank of Laredo*, 653 S.W.2d 539, 543 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.).

The record contains testimony by both Keen and Moody, the co-worker whose trailer fell on Keen's hostling vehicle. Keen testified that he was aware the trailers had the propensity to lean and that it was a safety rule not to pull alongside these trailers because of the risk that one might fall. Moody testified that he and Keen had discussed the fact that the trailers leaned and were unstable, and that leaning trailers were common around their place of employment. Moody also testified that it was common practice to park behind the trailers rather than alongside as Keen did because of safety considerations. Moody further testified that he had had trouble with the particular trailer that fell on Keen and had so communicated to Keen.

■ These facts lead us to agree with appellants' position that the jury had before it sufficient evidence to conclude that Keen's conduct amounted to placing himself voluntarily in harm's way, and as such falls within the category of conduct recognized as a defense under *Duncan*. The cases relied upon by appellees are distinguishable. In *Shamrock Fuel & Oil Sales Co., Inc. v. Tunks*, 416 S.W.2d 779 (Tex.

1967), and *McKisson v. Sales Affiliates, Inc.*, 416 S.W.2d 787 (Tex.1967), the plaintiffs' injuries were caused solely by a defective product even though their negligence contributed to the injuries. Here Keen's injuries were not caused solely by a defective product as there was evidence presented that the trailers could have fallen under circumstances other than in the presence of a defective sand shoe.

We also note that the jury was instructed not to consider any conduct on the part of Keen which amounted only to a failure to discover or guard against a products defect, thus lending further support to classifying Keen's conduct as a defense under *Duncan*.

We hold the trial court erred in disregarding Special Issue Nos. 7, 8 and 9, and sustain appellant Strick's first point of error and appellant Ashot's second point of error.

■ Both appellants in points of error six and seven allege the trial court erred in accepting appellees' voluntary remittitur in connection with the jury's answer to Special Issue No. 10 and in entering judgment on the remaining verdict because there was no, or insufficient, evidence to support the award of medical expenses.

The jury found, in response to Special Issue No. 10, the reasonable and necessary medical expenses for appellees' injuries to be $20,000.00. The trial court accepted appellees' voluntary remittitur concerning Special Issue No. 10 and entered judgment accordingly. It was appellees' burden to offer specific evidence of the reasonableness and necessity of expenses in addition to proof of the actual amount expended. *Monsanto Co. v. Johnson*, 675 S.W.2d 305, 312 (Tex.App.—Houston [1st Dist.] 1984), *writ ref'd n.r.e. per curiam*, 696 S.W.2d 558 (Tex.1985).

Appellants argue that appellees failed to sustain their burden of proving that each item of medical expense was reasonable and necessary as a result of the accident. The only testimony introduced was that of Dr. Kay, who testified that each expense

was reasonable and necessary. There were no challenges or objections to this testimony on cross-examination at trial, therefore appellees have met their burden of proof. Appellants' sixth and seventh points of error are overruled.

■ Appellant Ashot in its first point of error contends the trial court erred in not dismissing Ashot for lack of jurisdiction following its special appearance because Ashot lacked minimum contacts. In particular Ashot contends that its sale of the sand shoe to Strick did not amount to introducing the product into the stream of commerce because once the sand shoe was attached to the trailer, Ashot had no control over or knowledge of its distribution.

In a special appearance the non-resident defendant has the burden of proof to negate all bases of personal jurisdiction. *Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199, 203 (Tex.1985). The controlling issue under the stream of commerce doctrine is the "reasonable expectation" that the product will be sold in Texas, not the "right of control." *Id.* at 201. The only witness introduced by Ashot at the special appearance was Ashot's plant manager from Israel who testified that although she knew of earlier business contracts in Fort Worth with Ashot as subcontractor, she had no actual knowledge of what happened to the component parts once they left the plant. We hold the appellant did not meet its burden of proof, therefore the trial court did not err in refusing to dismiss Ashot for lack of jurisdiction. Ashot's first point of error is overruled.

As our treatment of the foregoing issues is dispositive of the entire appeal, it is not necessary to discuss Ashot's fourth and fifth points of error. We have examined them, however, and find them to be without merit, therefore they are overruled.

We reverse and render judgment that the trial court give full effect to the jury's answers to Special Issue Nos. 7, 8 and 9, and that appellees' damages be reduced accordingly.