**VIDOR WALGREEN PHARMACY, Appellant,**

v.

**Janet FISHER, Appellee.**

**No. 09 86 088 CV.**

Court of Appeals of Texas, Beaumont.

Dec. 4, 1986.

Rehearing Denied Jan. 7, 1987.

W.E. Harper, Beaumont, for appellant.

Gary H. Gatlin, Seale, Stover, Coffield & Gatlin, Jasper, for appellee.

Charles H. Clark, Tyler, for intervenor.

## OPINION

BROOKSHIRE, Justice.

Appeal from a judgment awarding money damages for personal injuries arising from a rear-end automobile collision. The judgment granted prejudgment interest.

### Pleading Prejudgment Interest—The Sole Issue

The Appellant argues that allowing prejudgment interest on the amount of damages awarded by the jury was error because Appellee's pleadings did not ask for prejudgment interest, contending that the plaintiff's pleadings were legally insufficient to permit prejudgment interest, contending, also, that the alleged failure to plead for prejudgment interest effected a waiver of any right Appellee might have to recover same. We disagree.

The jury awarded damages for past physical pain and mental anguish, past loss of earnings, and past physical impairment. The jury did not award any money damages for any type of future loss. There were no problems encountered as were encountered in *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985), where the jury found money damages for both past and future loss of companionship resulting from the death of the parent of Kathy, Linda, and Steve Cavnar. The special issue here, concerning damages, was carefully segregated as to the damages preceding the date of the trial and those damages which would occur in the future. *Monsanto Company v. Annie Belle Johnson*, 696 S.W.2d 558 (Tex.1985); *Cavnar, supra.*

Appellant cites numerous cases. Each one was decided before *Cavnar, supra,* handed down on June 5, 1985. In this landmark case, the Supreme Court held that in wrongful death, as well as non-death personal injury cases:

"[I]nterest shall begin to accrue on both pecuniary and non-pecuniary damages from a date six months after the occurrence of the incident giving rise to the cause of action." (696 S.W.2d at 555)

We conclude that a careful reading of *Cavnar, supra,* makes unnecessary a detailed, specific pleading petitioning for prejudgment interest. In *Cavnar, supra,* the Court wrote:

"Interest as damages is compensation allowed by law as additional damages for lost use of the money due as damages during the lapse of time between the accrual of the claim and the date of judgment. *See* McCormick, *Damages*, sec. 50 (1935). [696 S.W.2d at 552]

\* \* \* \* \* \*

"The primary objective of awarding damages in civil actions has always been to compensate the injured plaintiff, rather than to punish the defendant. W. Keeton, et al, *Prosser and Keeton on the Law of Torts* sec. 2 (5th ed. 1984). A law that denies recovery of prejudgment interest frustrates this goal. If a judgment provides plaintiffs only the amount of damages sustained at the time of the incident, plaintiffs are not fully compensated.... [Id.]

\* \* \* \* \* \*

"The time has come to revise the prejudgment interest rule to make injured parties whole and restore equity and symmetry to this area of the law. *We therefore hold that, as a matter of law, a prevailing plaintiff may recover prejudgment interest compounded daily (based on a 365–day year) on damages that have accrued by the time of judgment.* To the extent that other cases conflict with this holding, they are overruled. Prejudgment interest shall accrue at the prevailing rate that exists on the date judgment is rendered according to the provisions of Tex.Rev.Civ.Stat.Ann. art. 5069–1.05 sec. 2 (Vernon Supp.1985). In addition to achieving full compensation, awarding prejudgment interest in personal injury cases at a rate close to the market rate will also serve to expe-

dite both settlements and trials. It will remove the current incentives for defendants to delay as long as possible without creating incentives for plaintiffs to delay. ..." (Emphasis partly theirs and partly ours.) (Id. at 553–554)

 We think that *Cavnar, supra,* mandates that prejudgment interest is a right possessed by the injured prevailing plaintiff "as a matter of law". Following that holding and the imperative rationale of this Supreme Court opinion, a specific pleading for prejudgment interest was not necessary.

### No Harm or Surprise to Defendant

We do not see how the Appellant could possibly have been harmed. The case sub judice was tried in April of 1986, almost a year after *Cavnar, supra,* was handed down. It is also interesting to note that there were two pleas in intervention filed by Northwest National Casualty Company which was the workmen's compensation insurance carrier for Country Pantry, Inc., the employer of Janet Fisher. These pleas set forth that workmen's compensation benefits had been paid to Fisher, in large amounts, in partial satisfaction of its obligations to Fisher under the Worker's Compensation Act. The intervenor also pleaded its right to amend later to show additional payments which would have been made, pleading further that the intervenor demanded all expenses and reasonable costs, and for recovery of the entire amount due it.

■ The intervenor filed a first amended original petition setting out its recoupment claim in the specific sum of $30,850.99. The Vidor Walgreen Pharmacy leveled no special exceptions to Fisher's pleading nor to the intervenor's petition. Intervenor alleged specific liquidated damages which had been paid out, in the past, for the benefit of Fisher. The Appellant, under these pleadings, could not have been surprised concerning prejudgment interest.

### The Mathematically-Precise Prejudgment Interest

But, more importantly, under *Cavnar, supra,* the Supreme Court sets out in a detailed, mathematically-precise way how the prejudgment interest is to be determined. We cannot perceive how, under this record before us, the Appellant could have defended against this formula. Again, we see no harm or surprise visited upon the pharmacy. *Quintero v. Jim Walter Homes, Inc.,* 709 S.W.2d 225 (Tex.App. —Corpus Christi 1985, writ requested).

The judgment is affirmed.