**VIDOR WALGREEN PHARMACY, Petitioner,**

v.

**Janet FISHER, Respondent.**

**No. C–6124.**

Supreme Court of Texas.

April 15, 1987.

Rehearing Denied May 20, 1987.

W.E. Harper, Beaumont, for petitioner.

Gary Gatlin, Seale, Stover, Coffield, Gatlin & Bisbey, Jasper, for respondent.

## OPINION

PER CURIAM.

This is a personal injury case in which the sole issue before this court is whether the plaintiff, Janet Fisher, should be allowed to recover, in the absence of pleadings, prejudgment interest under *Cavnar v. Quality Control Parking, Inc.,* 696 S.W.2d 549 (Tex.1985). The trial court awarded prejudgment interest based on a jury verdict in Fisher's favor. The court of appeals affirmed that judgment, concluding that *Cavnar* made a specific pleading for prejudgment interest unnecessary. 722 S.W.2d 744 (Tex.App.1986). Subsequent to the court of appeals' opinion, this court held that "although we intended *Cavnar* to apply to all cases still in the judicial process, we did not dispense with the pleading requirement for prejudgment interest sought at common law, nor did we suspend Rule 301, which requires the judgment to conform to the pleadings. *See* Tex.R. Civ.P. 301." *Benavides v. Isles Construction Co.,* 726 S.W.2d 23 (Tex.1987).

Therefore, because the judgment of the court of appeals conflicts with a prior decision of this court, we grant the petitioner's application for writ of error. Pursuant to Tex.R.App.P. 133(b), without hearing oral argument, a majority of this court reverses the judgment of the court of appeals. The judgment of the trial court is modified to delete the prejudgment interest award. As modified, the judgment of the trial court is affirmed.