Asberry B. BUTLER, Jr., Appellant,

v.

Arlene C. BUTLER, Appellee.

No. 01-90-00470-CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 7, 1991.

Rehearing Denied May 9, 1991.

Jack Terry, Houston, for appellant.

Arlene Butler, Houston, pro se.

Before COHEN, WILSON and DYESS,[1] JJ.

## OPINION

PER CURIAM.

This is an appeal by writ of error from a post-answer default judgment of divorce. We affirm.

In his first and second points of error, appellant claims he did not receive notice of the trial setting. Appellant argues that, although appellee's counsel recited to the court he had sent notice of the trial setting to appellant by both regular and certified mail, no evidence shows he received notice.

■ For an appellant to obtain relief by writ of error, the invalidity of the judgment must be disclosed by the papers on file in the case. *DSC Financial v. Moffit,* 34 Tex.Sup.Ct.J. 69, 69 (Oct. 24, 1990); *Wilson*

---

1. The Honorable Arthur D. Dyess, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

*v. Indus. Leasing Corp.,* 689 S.W.2d 496 (Tex.App.—Houston [1st Dist.] 1985, no writ).

■ The transcript here is silent on whether notice of trial setting was given. In *Wilson,* this Court held that a judgment recitation of notice of the trial setting was some, but not conclusive, evidence of proper notice. *Wilson,* 689 S.W.2d at 497. A judgment recital may be rebutted by other evidence in the record. *Id.* Wilson received a new trial because the record conclusively showed that, contrary to the judgment recital, he never received notice of the trial setting. *Id.*

That is not the case here. Nothing here shows that appellant never received notice of the trial setting. The issue then, is whether a silent record concerning notice of a trial setting is error apparent on the face of the record.

A case directly on point is *Prihoda v. Marek,* 797 S.W.2d 170 (Tex.App.—Corpus Christi 1990, no writ). Prihoda contested a post-answer default judgment by writ of error, claiming he had not received notice of the trial setting. The court held that notice of the trial setting need not be included in the transcript; thus, its absence was not error apparent on the record. The judgment was upheld. *Id.* at 171.

This is not a case where a defendant did not learn of a judgment until it was too late to move for a new trial, or to obtain a hearing to determine when he received notice. *See* TEX.R.CIV.P. 306a(4) and (5). Appellant timely moved for a new trial, complaining of no notice of the trial setting. After a hearing, the trial court overruled it. We have no statement of facts from that hearing, and we have no evidence appellant did not receive notice of the trial setting.

We hold appellant has not shown error apparent from the face of the record. Points of error one and two are overruled.

■ Appellant next complains that nothing shows he received appellee's inventory and appraisement. He cites no authority that such evidence must be in the record.

Appellant asserts that local rule six of the Harris County family courts requires that copies of the inventory and appraisement be sent to all opposing parties. Appellant has not provided us with a copy of the local rules, nor asked that we judicially notice them. We have nothing before us for review, and therefore, any error is not apparent from the face of this record.

The third point of error is overruled.

■ In his fourth point of error, appellant states, "all pleadings present in Court must be certified and signed by presenter of pleading per TRCP 72 unless waived notice of Motions must be given to the adverse parties." We interpret this as a complaint that appellee's pleadings were not certified and appellant did not receive notice of certain motions presented to the trial court.

Appellant has only provided this Court with the statement set out above; he does not present any argument or authorities to support this point of error. Points of error not supported by argument and authority are waived. *Texaco, Inc. v. Pennzoil Co.,* 729 S.W.2d 768, 815 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. denied,* 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988); TEX.R.APP.P. 74(d).

The fourth point of error is overruled. The judgment is affirmed.

WILSON, J., not participating.