**ROBERT S. WILSON INVESTMENTS NO. 16 LTD. d/b/a Sunbelt Executive Services, Robert S. Wilson Investments, a Partnership, and Robert S. Wilson, Individually, Jointly and Severally, Appellants,**

v.

**Cherry BLUMER, Appellee.**

**No. 01–91–01139–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 24, 1992.

Michael A. Hirsch, Houston, for appellant.

William C. Herren, Houston, for appellee.

Before MIRABAL, SAM BASS and O'CONNOR, JJ.

## OPINION

MIRABAL, Justice.

This is an appeal by writ of error from a post-answer default judgment. We reform the judgment and affirm.

Appellee, Cherry Blumer, filed a wrongful termination of employment lawsuit against appellants, Robert S. Wilson Investments No. 16 Ltd. d/b/a Sunbelt Executive Services, Robert S. Wilson Investments, a partnership, and Robert S. Wilson, individually. Appellants did not appear at the March 28, 1991, trial of the case. The trial court granted a default judgment against appellants, awarding appellee $16,-100 in principal, $12,576.34 in prejudgment interest, plus attorney's fees and costs.

The appellate transcript does not contain a motion for new trial. On September 25, 1991, almost six months after the judgment, appellants filed a petition for writ of error.

■ The four elements necessary for a direct attack on a judgment by writ of error are: (1) the petition must be brought within six months after the judgment was signed, (2) by a party to the suit, (3) who did not participate in the actual trial, and (4) the error complained of must be "apparent from the face of the record." *General Elec. Co. v. Falcon Ridge Apts.*, 811 S.W.2d 942, 943 (Tex.1991); see also TEX. CIV.PRAC. & REM.CODE ANN. § 51.013 (Vernon 1986); TEX.R.APP.P. 45. In the present case, only the last element is at issue, since the record shows the first three elements have been met. To determine whether error is apparent from the face of the record, appeal by writ of error affords a review of the same scope as a direct appeal. *Wright v. Wentzel*, 749 S.W.2d 228, 230 (Tex. App.—Houston [1st Dist.] 1988, no writ); *Collins v. Collins*, 464 S.W.2d 910, 912 (Tex.Civ.App.—San Antonio 1971, writ ref'd n.r.e.).

In their first point of error, appellants assert the trial court erred in granting judgment because of "failure of notice upon appellants, and their counsel, of trial date."

■ An appellant who alleges error apparent on the face of the record due to the absence of notice carries a heavy burden, because the record will usually be barren of affirmative proof of the error claimed. *See Falcon Ridge Apts.*, 811 S.W.2d at 943–44. The rules do not impose a duty on the trial court, or its personnel, to place in the case file evidence that notice of a trial setting was given. *Butler v. Butler*, 808 S.W.2d 128, 129 (Tex.App.—Houston [1st Dist.] 1991, writ denied); *Prihoda v. Marek*, 797 S.W.2d 170, 171 (Tex.App.—Corpus Christi 1990, writ denied); TEX.R.CIV.P. 245. When the rules do not impose a duty either on the parties or the court clerk to ensure that notice is affirmatively shown in the record, absence from the record of affirmative proof of notice does not establish

error. *Falcon Ridge Apts.*, 811 S.W.2d at 943–44; *Butler*, 808 S.W.2d at 129.

On January 20, 1989, Jon H. Palmer substituted in as the attorney of record for appellants. The notice of substitution of counsel lists Palmer's address as 8554 Katy Freeway, Suite 319, Houston, Texas 77024. Two years later, the court clerk sent a January 10, 1991 docket control order, which set a March 25, 1991, trial date, to appellants' counsel at Post Office Box 3723, Houston, Texas 77001. The record does not indicate from where the court clerk got this post office box address for appellants' counsel.

On appeal, appellants state that the record does not affirmatively reflect that appellants' counsel filed a change of address notice with the court clerk, changing his address to P.O. Box 3723, Houston, Texas; therefore, appellants claim they are entitled to a reversal because, on the face of the record, it is not shown that appellants' counsel was sent notice of the trial setting at a proper address.

We find nothing in the rules of procedure that requires the court clerks to place in every case file in which an attorney is an attorney of record, a copy of the attorney's change of address notice. Therefore, absence from the record of affirmative proof of a change of address notice does not establish that no change of address notice was filed. *See Falcon Ridge Apts.*, 811 S.W.2d at 943–44; *Butler*, 808 S.W.2d at 129.

There is nothing in the record before us establishing that the post office box address was not, in fact, the proper mailing address of appellants' counsel. Therefore, we conclude that the face of the record does not show the trial court erred when it granted judgment upon appellants' failure to appear for trial.[1]

We overrule point of error one.

In point of error two, appellants assert the trial court erred in awarding appellee equitable prejudgment interest at a 10 percent rate. Appellants claim the correct rate of interest is six percent per annum as authorized by TEX.REV.CIV.STAT.ANN. art. 5069–1.03 (Vernon 1987).

Prejudgment interest may be awarded under contractual or equitable theories. *Perry Roofing Co. v. Olcott*, 744 S.W.2d 929, 930 (Tex.1988). Article 5069–1.03 permits recovery of six percent prejudgment interest on breach of a contract if the contract does not specify a rate of interest and it fixes "a measure by which the sum payable can be ascertained with reasonable certainty." *Id.* If the sum payable is not ascertainable from the contract, then prejudgment interest may be appropriate in equity. *Id.* The equitable prejudgment interest rate is the same as the rate of interest on judgments as specified in TEX.REV. CIV.STAT.ANN. art. 5069–1.05 (Vernon Supp. 1992). *Id.*

In the present case, appellee had a written, 13–month employment contract, extending from December 1984 through December 1985. She was hired "on the basis of contract labor" for a "base monthly pay" of $1,400. The contract did not specify a rate of interest to accrue on past due amounts.

Appellee's employment was terminated in mid-January, 1985. Appellee brought suit for wrongful termination, alleging in her petition that, under the terms of the contract, appellants had agreed to pay appellee the total sum of $18,200;[2] that appellants had paid her only $2,800; and, therefore, that appellants owed appellee principal damages in the amount of $15,-400. At trial, although appellee testified to slightly different figures that supported the $16,000 award, her proof of damages was based on the same formula.

*Extinguisher Co. v. Jackson*, 566 S.W.2d 321, 322 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.); TEX.R.CIV.P. 329b(f). *Falcon Ridge Apts.*, 811 S.W.2d at 944.

1. Of course, appeal by writ of error is not the exclusive method available to an appellant for attacking a default judgment. The appropriate remedy when extrinsic evidence is necessary to the challenge of a judgment is by motion for new trial, TEX.R.CIV.P. 320, 324(b)(1), or by bill of review filed in the trial court, *Grayson Fire*

2. 13 months × $1,400 per month, equals $18,-200.

We find that appellee's damages could be calculated from the face of the contract. Therefore, article 5069–1.03 applies in the calculation of prejudgment interest. *See Winograd v. Willis*, 789 S.W.2d 307, 312 (Tex.App.—Houston [14th Dist.] 1990, writ denied) (in wrongful termination of employment suit, court found only reason employee's damages could not be calculated from face of contract was because, in addition to specified salary, employee was entitled to several employee benefits that did not have an assigned value in the contract).

We sustain appellants' point of error two. We reform the judgment to provide for $5,425.84 in prejudgment interest (interest accrued at the rate of six percent per annum pursuant to article 5069–1.03), and as reformed, we affirm.