**GREAT PINES WATER COMPANY, INC.**

v.

**LIQUI–BOX CORPORATION.**

**Civil Action No. H–94–2434.**

United States District Court,
S.D. Texas,
Houston Division.

April 14, 1997.

Timothy D. Riley, Riley & Harris, L.L.P., Houston, TX, for plaintiff.

Joy M. Soloway, Philip Werner, Fulbright & Jaworski, L.L.P., Houston, TX, for defendant.

### ORDER AND REASONS

HENRY A. MENTZ, Jr., District Judge, Sitting by Assignment.

The court addresses here a motion to amend the judgment filed by the plaintiff, Great Pines Water Co., Inc. (Great Pines) and a motion to alter or amend the judgment filed by defendant Liqui–Box Corporation (Liqui–Box). Great Pines seeks to amend the judgment to provide for daily, rather than annual, compounding of prejudgment interest. Liqui–Box seeks to amend the judgment to have prejudgment interest calculated as simple interest. Both motions are filed pursuant to Fed.R.Civ.P. 59(e).

A motion under Rule 59(e) may be granted to correct manifest errors of law or fact upon which the judgment is based, to allow the moving party to present newly discovered evidence, to prevent manifest injustice, or to recognize an intervening change in controlling law. 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 2810.1 at 125–27 (1995). Motions to alter or amend a judgment "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.

1990) (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)).

The jury in this case rendered a verdict finding Liqui–Box, liable for breach of contract, deceptive trade practices, and fraud. Shortly thereafter, Great Pines submitted a proposed form of judgment providing for prejudgment interest compounded annually. Great Pines cited the Fifth Circuit opinion in *Guest v. Phillips Petroleum Co.*, 981 F.2d 218 (5th Cir.1993), which holds that in an action under the Texas Deceptive Trade Practices Act the prevailing plaintiff is entitled to equitable prejudgment interest compounded annually. Liqui–Box did not file an objection to the proposed judgment. After reviewing the cases and statutory authority provided by Great Pines, and considering that no objection had been noted, the court entered judgment in accordance with Great Pine's proposal for annual compounding.

Great Pines now seeks to amend the judgment to provide for interest compounded daily, rather than annually, citing the more recent Fifth Circuit authority of *Quest Medical, Inc. v. Apprill*, 90 F.3d 1080 (5th Cir.1996) and *Thrift v. Hubbard*, 44 F.3d 348 (5th Cir.1995). Liqui–Box urges that prejudgment interest should not be compounded, but calculated as simple interest.

Both of these arguments could and should have been raised prior to entry of judgment. Accordingly, neither party is entitled to relief from the judgment under Rule 59(e). However, in view of the fact that the issue of compounding prejudgment interest under Texas law is very unsettled, the court will address the merits of annual compounding in this case.[1] *See Thrift*, 44 F.3d at 362 n. 28 (discussing the split of authority).

State law governs the award of prejudgment interest in this diversity case. *Fed. Sav. and Loan Ins. Corp. v. Texas Real Estate Counselors, Inc.*, 955 F.2d 261, 270 (5th Cir.1992). There is no Texas statutory authority regarding prejudgment interest on

---

1. As Liqui–Box points out, the issue of daily compounding of prejudgment interest awarded on claims of unspecified damages for breach of contract, DTPA violations, breach of warranty, and fraud has been accepted on writ to the Texas Supreme Court. *See Kenneco Energy, Inc. v. Johnson & Higgins of Texas, Inc.*, 921 S.W.2d 254 (Tex.App.—Houston [1st Dist.] 1995), *writ granted*, 39 Tex.Sup.Ct.J. 827–28 (June 28, 1996).

the claims in this case.[2] Equitable prejudgment interest is authorized under Texas law for contract and tort claims not covered by statute. *See Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985) (personal injury and wrongful death claims); *e.g. Quintero v. Jim Walter Homes, Inc.*, 709 S.W.2d 225, 230–31 (Tex.App.-Corpus Christ 1985, writ ref'd, n.r.e.) (extending *Cavnar* to deceptive trade practices); *Perry Roofing Co. v. Olcott*, 722 S.W.2d 538 (Tex.App.-Fort Worth 1986, writ granted), *aff'd*, 744 S.W.2d 929 (Tex.1988) (extending *Cavnar* to contract).

In *Cavnar*, the Supreme Court of Texas held as follows:

> The time has come to revise the prejudgment interest rule to make injured parties whole and restore equity and symmetry to this area of the law. We therefore hold that, as a matter of law, a prevailing plaintiff *may* recover prejudgment interest compounded daily (based on a 365–day year) on damages that have accrued by the time of judgment. To the extent that other cases conflict with this holding, they are overruled. Prejudgment interest *shall* accrue at the prevailing rate that exists on the date judgment is rendered according to the provisions of Tex.Rev.Stat.Ann. art. 5069–1.05 § 2 (Vernon Supp.1985).

*Cavnar*, 696 S.W.2d at 554 (Emphasis added) Other than the endorsement of daily compounding in the above quote, the Court in *Cavnar* did not discuss compounding. The use of daily compounding in that case appears from the Court's general discussion of prejudgment interest to be a policy decision based on equity; at the time of the decision article 5069–1.05 did not provide for any compounding of interest. The article was amended effective September 1, 1987 to add a provision for annual compounding of postjudgment interest in section 2.[3]

Thus, according to the specific holding in *Cavnar*, a court *"may"* award prejudgment interest with daily compounding. If a court awards equitable prejudgment interest, it *"shall"* use the rate for postjudgment interest set forth in article 5069–1.05 § 2. *Cavnar*, 696 S.W.2d at 554.

As stated in *Perry Roofing Co. v. Olcott*, 722 S.W.2d 538 (Tex.App.-Fort Worth 1986), *aff'd*, 744 S.W.2d 929 (Tex.1988),

> [T]he only discretionary power of the judge in awarding prejudgment interest is in his discretion of whether or not to award interest. Once this decision is reached, he must award interest at the rate computed under section 1.05. He is wholly without authority to award interest at a higher or lower rate. *Id.* at 545 n. 1. *See also Matthews v. DeSoto*, 721 S.W.2d 286 (Tex.1986) (a trial court does not have discretion to lessen or increase the amount of prejudgment interest based on the prevailing party's dilatory tactics).

None of these Supreme Court opinions indicate that daily compounding of equitable

---

2. Tex.Rev.Stat.Civ.Ann. art. 5069–1.03 does not apply because it is limited to contracts which specify the sum payable, and here, there is no specified measure of damages. Article 5069–1.03 reads:

   When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all accounts and contracts ascertaining the sum payable, commencing on the thirtieth (30th) day from and after the time when the sum is due and payable.

   Tex.Rev.Stat.Ann. art. 5069–1.05 § 6, which authorizes prejudgment interest to be calculated as simple interest without compounding, does not apply. Section 6, by its own terms, applies only to wrongful death, personal injury, and property damage tort cases. Clearly, Great American's claims are not for wrongful death or personal injury. Nor do the claims fall within "property damage," because "property damage"

as used in section 6 means damage to tangible property, not economic loss or loss of economic opportunity. *See Assoc. Tel. Directory Publishers, Inc., v. Five D's Publ'g Co.*, 849 S.W.2d 894, 900 (Tex.App.—Austin 1993). *See also Ralston Purina Co. v. McKendrick*, 850 S.W.2d 629, 633 (Tex. App.—San Antonio 1993, writ denied n.w.h.) (tortious interference and fraud claims do not constitute "property damage").

3. Article 5069–1.05 § 2 provides in relevant part:

   Except as provided in Section 1 of this article, all judgments, ... of the courts of this state earn interest, compounded annually, at the rate published by the consumer credit commissioner in the Texas Register.... The interest rate so computed shall be the judgment rate, except that if the rate so computed is less than 10 percent, the judgment interest shall be 10 percent, and if it be more than 20 percent, the judgment interest rate shall be 20 percent.

prejudgment interest is mandated. Indeed, several courts have rejected daily compounding, in favor of annual compounding based on the amendment to article 5069–1.05 § 2 in 1987. Some courts have interpreted *Cavnar's* mandate to use the rate of interest in section 2, as now also requiring annual compounding. *See e.g. Swanson v. Schlumberger Technology Corp.,* 895 S.W.2d 719 (Tex. App.—Texarkana 1994, writ granted); *Guest v. Phillips Petroleum Co.,* 981 F.2d 218, 223 (5th Cir.1993); *IT Corp., v. Motco Site Trust Fund,* 903 F.Supp. 1106 (S.D.Tex.1994); *Enterprise–Laredo Assoc. v. Hachar's, Inc.,* 839 S.W.2d 822, 839 (Tex.App.—San Antonio 1992, writ granted per curiam). *But see, Kenneco Energy Inc. v. Johnson & Higgins of Texas, Inc.,* 921 S.W.2d 254 (Tex.App.—Houston [1st Dist.] 1995), *writ granted,* 39 Tex.Sup.Ct.J. 827–28 (June 28, 1996); *Spangler v. Jones,* 861 S.W.2d 392 (Tex.App.—Dallas 1993) (applying daily compounding on the ground that it is required by *Cavnar,* notwithstanding the 1987 amendment).

 The recent Fifth Circuit opinions cited by Great Pines, *Quest Medical, Inc, v. Apprill,* 90 F.3d 1080 (5th Cir.1996) and *Thrift v. Hubbard,* 44 F.3d 348 (5th Cir. 1995), applied daily compounding. The court in *Ouest Medical* did not explain why it approved daily compounding. *Thrift* is distinguishable because it involved a contract which specified an interest rate. Therefore, the judgment interest rate was governed by section 1,[4] rather than section 2. Because section 1 did not address compounding, the court applied daily compounding by "default" under *Cavnar.* The court declined to decide what form of compounding would be appropriate if § 2 applied, but suggested in dicta that daily compounding might be appropriate. *Thrift,* 44 F.3d at 361 n. 28. As the case at bar does not involve a contract with a specified interest rate, the rate is governed by section 2.

This court finds that daily compounding of equitable prejudgment interest is not mandated in this case under *Cavnar,* or the Fifth Circuit decisions cited by Great Pines. The court further finds that annual compounding of interest is appropriate either as a matter of discretion exercised in a manner consistent with the policy expressed in *Cavnar,* or in accordance with the amendment to section 5069–1.05 § 2 in 1987 adding annual compounding of interest. Therefore, the court finds no manifest error or injustice in the annual compounding of prejudgment interest in this case.

Accordingly,

IT IS ORDERED that plaintiff's, Great Pines Water Company, Inc., Motion to Amend Judgment is **DENIED,** and defendant's Liqui–Box Corporation, Motion to Alter or Amend Judgment is **DENIED.**

---

4. Section 1 provides:
   All judgments of the courts of this state based on a contract that provides for a specific rate of interest earn interest at a rate equal to the lesser of:
   
   (1) the rate specified in the contract; or
   (2) 18 percent.