COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-142-CV
ERNEST WAYNE REDDING           
           
           
           
         APPELLANT
V.
DICK THOMPSON ENTERPRISES, INC.       
           
           
          
APPELLEE
D/B/A HONDA WEST
------------
FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
In a restricted appeal from the trial
court's judgment, appellant Ernest Wayne Redding argues in one issue that the
judgment should be reversed and remanded for a new trial because he did not
receive notice of the trial setting. We affirm.
On June 29, 2000, appellee Dick Thompson
Enterprises, Inc. d/b/a Honda West ("Honda") filed a lawsuit against
Redding, and Redding filed a general denial on August 28, 2000. On May 23, 2001,
Honda's attorney sent a letter to the trial court requesting the case be set for
trial on the trial court's non-jury docket. There is no indication in the record
that Redding or his attorney were sent a copy of this letter. On June 21, 2001,
the trial court entered an order setting the case for trial on the week of
October 8, 2001. There is nothing in the record affirmatively showing whether or
not this order was sent to Redding or his attorney.
The trial court called the case to trial
on October 11, 2001. Honda appeared and announced ready. Neither Redding nor his
attorney appeared. Honda presented evidence to the trial court, and a final
judgment was later entered in favor of Honda on October 29, 2001. Redding filed
a timely notice of restricted appeal on April 25, 2002. See Tex. R.
App. P. 30.
Under rule 30 of the Texas Rules of
Appellate Procedure,

 A party who did not participate--either
 in person or through counsel--in the hearing that resulted in the judgment
 complained of and who did not timely file a postjudgment motion or request for
 findings of fact and conclusions of law, or a notice of appeal within the time
 permitted by Rule 26.1(a), may file a notice of appeal within the time
 permitted by Rule 26.1(c). Restricted appeals replace writ of error appeals to
 the court of appeals. Statutes pertaining to writ of error appeals to the
 court of appeals apply equally to restricted appeals.

Id. To prevail on a restricted
appeal, the error complained of must be apparent from the face of the record. See
Norman Communications v. Tex. Eastman Co., 955 S.W.2d 269, 270
(Tex. 1997) (discussing writ of error procedure). The face of the record, for
purposes of a restricted appeal, consists of all the papers on file in the
appeal, including the reporter's record. Id.
An appellant who alleges error apparent on
the face of the record due to the absence of notice carries a heavy burden
because the record will usually be barren of affirmative proof of the error
claimed. See Gen. Elec. Co. v. Falcon Ridge Apts., 811 S.W.2d 942,
943-44 (Tex. 1991); Robert S. Wilson Invs. No. 16 Ltd. v. Blumer, 837
S.W.2d 860, 861 (Tex. App.--Houston [1st Dist.] 1992, no writ).
Although service of citation must affirmatively appear in the record, see
Tex. R. Civ. P. 21a, the rules of procedure do not impose a duty on the trial
court, or its personnel, to place in the case file evidence that notice of a
trial setting was given. Blumer, 837 S.W.2d at 861; Butler v.
Butler, 808 S.W.2d 128, 129 (Tex. App.--Houston [1st Dist.]
1991, writ denied). When the rules do not impose a duty either on the parties or
the court clerk to ensure that notice is affirmatively shown in the record,
absence from the record of affirmative proof of notice does not establish error.
Falcon Ridge Apts., 811 S.W.2d at 943-44; Blumer, 837 S.W.2d
at 861.
The law presumes that a trial court will
hear a case only after proper notice to the parties. Welborn-Hosler v.
Hosler, 870 S.W.2d 323, 328 (Tex. App.--Houston [14th Dist.]
1994, no writ). Redding has the burden of rebutting this presumption by
affirmatively showing lack of notice. Id.; Hanners v. State Bar of
Tex., 860 S.W.2d 903, 908 (Tex. App.--Dallas 1993, writ dism'd). If there
is nothing in the record to reflect whether or not Redding received proper
notice of trial, then he cannot show error on the face of the record on his
claim that he did not receive notice of the trial setting. See Hilal
v. Gatpandan, 71 S.W.3d 403, 407 (Tex. App.--Corpus Christi 2001, no pet.)
(relying on Norman Communications, 955 S.W.2d at 270).
Because there is no evidence on the face
of the record that shows Redding did not receive notice of trial, Redding's
request for relief through a restricted appeal fails. Thus, we overrule
Redding's sole issue on appeal and affirm the trial court's judgment.
PER CURIAM
PANEL F: DAY, LIVINGSTON, and DAUPHINOT,
JJ.
[DELIVERED JANUARY 9, 2003]

1. See Tex. R. App. P. 47.4.