ERNEST WAYNE REDDING V. DICK THOMPSON ENTERPRISES, INC.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-142-CV

ERNEST WAYNE REDDING APPELLANT

V.

DICK THOMPSON ENTERPRISES, INC. APPELLEE

D/B/A HONDA WEST

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In a restricted appeal from the trial court’s judgment, appellant Ernest Wayne Redding argues in one issue that the judgment should be reversed and remanded for a new trial because he did not receive notice of the trial setting.  We affirm.

On June 29, 2000, appellee Dick Thompson Enterprises, Inc. d/b/a Honda West (“Honda”) filed a lawsuit against Redding, and Redding filed a general denial on August 28, 2000.  On May 23, 2001, Honda’s attorney sent a letter to the trial court requesting the case be set for trial on the trial court’s non-jury docket.  There is no indication in the record that Redding or his attorney were sent a copy of this letter.  On June 21, 2001, the trial court entered an order setting the case for trial on the week of October 8, 2001.  There is nothing in the record affirmatively showing whether or not this order was sent to Redding or his attorney.  

The trial court called the case to trial on October 11, 2001.  Honda appeared and announced ready.  Neither Redding nor his attorney appeared.  Honda presented evidence to the trial court, and a final judgment was later entered in favor of Honda on October 29, 2001.  Redding filed a timely notice of restricted appeal on April 25, 2002.  
See
 
Tex. R. App. P.
 30.

Under rule 30 of the Texas Rules of Appellate Procedure, 

A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c).  Restricted appeals replace writ of error appeals to the court of appeals.  Statutes pertaining to writ of error appeals to the court of appeals apply equally to restricted appeals. 

Id.
  To prevail on a restricted appeal, the error complained of must be apparent from the face of the record.  
See Norman Communications v. Tex. Eastman
 
Co
., 955 S.W.2d 269, 270 (Tex. 1997) (discussing writ of error procedure).  The face of the record, for purposes of a restricted appeal, consists of all the papers on file in the appeal, including the reporter’s record.  
Id.
  

An appellant who alleges error apparent on the face of the record due to the absence of notice carries a heavy burden because the record will usually be barren of affirmative proof of the error claimed.  
See Gen. Elec. Co. v. Falcon Ridge Apts.
, 811 S.W.2d 942, 943-44 (Tex. 1991); 
Robert S. Wilson Invs. No. 16 Ltd. v. Blumer
, 837 S.W.2d 860, 861 (Tex. App.—Houston [1
st
 Dist.] 1992, no writ).  Although service of citation must affirmatively appear in the record, 
see
 
Tex. R. Civ. P.
 21a, the rules of procedure do not impose a duty on the trial court, or its personnel, to place in the case file evidence that notice of a trial setting was given.  
Blumer
, 837 S.W.2d at 861; 
Butler v. Butler
, 808 S.W.2d 128, 129 (Tex. App.—Houston [1
st
 Dist.] 1991, writ denied).  When the rules do not impose a duty either on the parties or the court clerk to ensure that notice is affirmatively shown in the record, absence from the record of affirmative proof of notice does not establish error.  
Falcon Ridge Apts.
, 811 S.W.2d at 943-44; 
Blumer
, 837 S.W.2d at 861.

 The law presumes that a trial court will hear a case only after proper notice to the parties.  
Welborn-Hosler v. Hosler
, 870 S.W.2d 323, 328 (Tex. App.—Houston [14
th
 Dist.] 1994, no writ).  Redding has the burden of rebutting this presumption by affirmatively showing lack of notice.  
Id.
; 
Hanners v. State Bar of Tex.
, 860 S.W.2d 903, 908 (Tex. App.—Dallas 1993, writ dism’d).  If there is nothing in the record to reflect whether or not Redding received proper notice of trial, then he cannot show error on the face of the record on his claim that he did not receive notice of the trial setting.  
See
 
Hilal v. Gatpandan
, 71 S.W.3d 403, 407 (Tex. App.—Corpus Christi 2001, no pet.) (relying on 
Norman Communications
, 955 S.W.2d at 270). 

Because there is no evidence on the face of the record that shows Redding did not receive notice of trial, Redding’s request for relief through a restricted appeal fails.  Thus, we overrule Redding’s sole issue on appeal and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAY, LIVINGSTON, and DAUPHINOT, JJ.

[DELIVERED JANUARY 9, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.