In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00884-CV
____________

VASILIOS A. KARAGOUNIS, Appellant

V.

DAVID T. LOPEZ & ASSOC. AND DAVID T. LOPEZ, Appellees




On Appeal from the 61st District Court 
Harris County, Texas
Trial Court Cause No. 1998-53087 




MEMORANDUM OPINION
          This is a restricted appeal from a default judgment in favor of David T. Lopez
& Associates and David T. Lopez (collectively, Lopez), appellees. In a single point
of error, appellant, Vasilios A. Karagounis, contends that he was not given proper
notice of the trial setting and that, therefore, the trial court erred in entering a default
judgment against him. In a single cross-point, Lopez contends that Karagounis’s
appeal is frivolous and asks us to award sanctions. We affirm the judgment of the
trial court and deny Lopez’s cross-point for sanctions. 
Background
          In November 1998, Karagounis filed a legal malpractice suit against Lopez,
and Lopez counterclaimed against Karagounis for legal fees owed and attorney’s fees
incurred while defending against the legal malpractice suit. Although Karagounis
subsequently nonsuited Lopez, Lopez proceeded with his counterclaim. Trial was
conducted on Lopez’s counterclaim in March 2001, at which Karagounis did not
appear. The trial court entered a default judgment against Karagounis after finding
his suit to be groundless and brought in bad faith. 
Restricted Appeal
          To bring a direct attack on a judgment by restricted appeal, (1) a petition must
be brought within six months after the judgment was signed, (2) by a party to the suit,
(3) who did not participate at trial, and (4) the error complained of must be “apparent
from the face of the record.” General Elec. Co. v. Falcon Ridge Apts., 811 S.W.2d
942, 943 (Tex. 1991); Tex. R. App. P. 30.


 Because the record in this case shows that
the first three elements have been met, only the last element is in issue. 
          Review by restricted appeal affords an appellant the same scope of review as
an ordinary appeal, that is, a review of the entire case. Norman Communications v.
Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997). The only restriction on the
scope of review of a restricted appeal is that the error must appear on the face of the
record. Id. An appellant who alleges error apparent on the face of the record due to
the absence of notice carries a heavy burden because the record will not usually show
affirmative proof of the error claimed. Falcon Ridge Apts., 811 S.W.2d at 943-44;
Robert S. Wilson Inv. No. 16 Ltd. v. Blumer, 837 S.W.2d 860, 861 (Tex.
App.—Houston [1st Dist.] 1992, no writ). The rules do not impose a duty on the trial
court, or its personnel, to provide documentary evidence that notice of a trial setting
was given. See Tex. R. Civ. P. 245; Blumer, 837 S.W.2d at 861. When the rules do
not impose a duty on either the parties or the court clerk to ensure that notice is
affirmatively shown in the record, lack of affirmative proof of notice does not
establish error. Falcon Ridge Apts., 811 S.W.2d at 943-44; Blumer, 837 S.W.2d at
861-62. 
          Karagounis argues that it is a violation of his right to due process for a default
judgment to be rendered against him when he received no notice of the trial setting. 
But nothing in the record before us establishes that he did not receive notice of the
trial. Karagounis asserts that “procedural rules impose a duty either on the parties or
the district clerk to ensure that notice was affirmatively shown in the record,” but
cites case law that either does not involve restricted appeals or involves trial records
that affirmatively demonstrate lack of notice. Because the face of the record does not
show that Karagounis did not receive notice of the trial setting, we hold that the trial
court did not err in granting a default judgment against him.



          We overrule Karagounis’s point of error. 
Rule 45 Sanctions
           In a single cross-point, Lopez asks us to award sanctions under Rule 45 of the
Rules of Appellate Procedure on the grounds that Karagounis’s appeal is frivolous. 
Tex. R. App. P. 45. Under Rule 45, we may award just damages if we objectively
determine, after considering the record, briefs, or other papers filed with the court,
that an appeal is frivolous. Smith v. Brown, 51 S.W.3d 376, 381 (Tex.
App.—Houston [1st Dist.] 2001, pet. denied). To determine whether an appeal is
frivolous, we look at the record from the viewpoint of the advocate and decide
whether he had reasonable grounds to believe the case could be reversed. Smith, 51
S.W.3d at 381. 
          As addressed above, Karagounis argues that he was denied his right to due
process because he did not receive notice of the trial setting. We cannot conclude
from the record before us that Karagounis had no reasonable ground to believe that
the trial court’s judgment could be reversed. 
          We overrule Lopez’s cross-point for sanctions. 
Conclusion
          We affirm the judgment of the trial court and deny Lopez’s cross-point for
sanctions. 
 
 


     Elsa Alcala
     Justice

Panel consists of Justices Hedges, Jennings, and Alcala.